Henry J. VAN WOLVLEAR, Trustee in Bankruptcy of Talleze Shop, Inc., dba Dean's, Incorporated, Plaintiff,

v.

FAMOUS NAME SHOES, INC., a Michigan corporation, and Thomas J. Pipp, Defendants.

Civ. A. No. 4740.

United States District Court
W. D. Michigan, S. D.

Sept. 15, 1964.

McCobb & Heaney, Grand Rapids, Mich., William K. Van't Hof, Grand Rapids, Mich., of counsel, for plaintiff.

Murray B. DeGroot, John D. Deeb, Grand Rapids, Mich., for defendants.

FOX, District Judge.

This case is before the Court on the defendants' motion to dismiss the complaint as to defendant Pipp, and to strike the allegations of the complaint which

relate to a claim of preferential transfer and fraudulent transfer.

The parties admit that (1) a sum of money representing receipts of the bankrupt was placed in the account of the corporation, and (2) that certain payments were made from this fund for the benefit of the bankrupt. The dispute is as to whether the entire fund was so distributed, and whether there was consequent liability of the defendant or defendants to the bankrupt for any part of such fund.

Plaintiff alleges that the sum purportedly due the bankrupt was carried on the books of the bankrupt as an account receivable until the date of filing of the petition in bankruptcy, and that the individual defendant Pipp then caused to be made a general entry on those books, whereby the same sum was cancelled so that no account receivable was reflected from either defendant. Defendant Pipp denies that he caused any such entry to be made on the books of the bankrupt.

■ Defendants contend that the book entry alleged does not constitute a "transfer" within the meaning of the Bankruptcy Act, and that the plaintiff should, therefore, be limited to an action in assumpsit under Section 70 against the corporate defendant alone.

The Bankruptcy Act, in Section 1, defines "transfer" as:

> " * * * the sale and ever other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift or security."

Thus, the determination of whether the alleged book entry was a "transfer" depends upon whether the account receivable as carried on the books of the bankrupt prior to the petition, in fact represented "property," to-wit, a valid contract claim of the bankrupt against the corporate defendant. If the entry represented property, its cancellation would be a transfer of property. The question is one of fact.

Since defendants' sole ground for their motion to strike the allegations of plaintiff's complaint having to do with an alleged fraudulent transfer is that the transaction was not a transfer, and that cannot be said as a matter of law under the circumstances presented by the pleadings, the motion should be denied.

■ As a necessary corollary to the denial of that motion, the motion to dismiss the complaint as to the defendant Pipp must also be denied. Should the account receivable as carried on the books of the bankrupt prior to the petition, prove to represent property of the bankrupt, i. e., a valid contract claim at the time of adjudication, plaintiff's allegation that defendant Pipp caused the book entry which cancelled that account receivable has been denied by defendant Pipp, thus establishing a controverted issue of fact.

■ Plaintiff's complaint alleges that the account referred to "was reflected on the books of the bankrupt as an account receivable from Famous Name Shoes, Inc., and/or Thomas J. Pipp." Section 70, sub. e(2) provides that the " * * * trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it * * *." (Title 11 U.S.C.A. 110, sub. e).

Thus, since the book entry may prove to be a transfer of property and defendant Pipp may prove to be a person who received it, either in his individual capacity or as a principal shareholder of the defendant corporation, the motion to dismiss the complaint as to him must be denied also.

It should be noted that defendant Pipp affirmatively alleges in his answer, in Paragraph 6 of his "Affirmative Defense to Count I," that the corporate defendant not only paid out for the benefit of

the bankrupt the entire fund deposited with the account of the corporate defendant, but that his payments exceeded the fund, and he was thereafter reimbursed for such excessive payments by the principal of the bankrupt. Then defendants claim a set-off due the corporate defendant in the amount of that excess payment, which they had previously alleged they had been reimbursed. This is a question of fact.

An order dismissing the motions may be prepared pursuant to this opinion. However, the dismissal is without prejudice to a renewal thereof by the defendants at any time during these proceedings if the circumstances are such that it may reasonably be concluded to be propitious to renew such motions.